# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARMEN J. COLTON,
 Appellant,

 v.

DEPARTMENT OF THE INTERIOR,
 Agency.

DOCKET NUMBER
SF-3443-18-0444-I-1

DATE:  April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carmen J. Colton, Meridian, Idaho, pro se.

Dusty Parson and Scott Hulbert, Boise, Idaho, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction without holding the requested hearing.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

By letter dated March 22, 2018, the agency withdrew an offer of employment it had made to the appellant after a background check indicated that she had some criminal history. Initial Appeal File (IAF), Tab 7 at 28-37. The appellant then filed this appeal, asserting that the agency's action constituted a negative suitability action and that the agency committed a harmful procedural error. IAF, Tab 1.

The administrative judge informed the appellant that the Board generally lacks authority to address a claim that an applicant was not hired, but noted six exceptions to this rule, including when the agency's action constitutes a suitability action. IAF, Tab 2 at 2-5. Ultimately, the administrative judge found that the appellant failed to nonfrivolously allege that the agency's action constituted a suitability action or an appealable cancellation of an appointment. IAF, Tab 12, Initial Decision (ID). Accordingly, she dismissed the appeal for lack of jurisdiction without holding the requested hearing. ID at 1.

On petition for review, the appellant argues that she was denied notice and an opportunity to be heard regarding the results of the background check, and alleges that agency officials abused their power by finding her unsuitable for personal reasons. Petition for Review (PFR) File, Tab 1 at 5. She also asserts that one of the statements in the initial decision, that she never reported for duty,

"is only partially accurate" because she had completed some training as demonstrated by some copies of emails she provides for the first time on review. *Id*. at 5-9. The agency has filed a reply. PFR File, Tab 3.

As an initial matter, we note that, prior to issuing the initial decision, the administrative judge did not give the appellant notice of how to establish jurisdiction over a cancelled appointment. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Nevertheless, to the extent that the appellant was claiming that she was given an appointment that was later cancelled, the lack of prior *Burgess* notice was cured in the initial decision. ID at 4-5; *see Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007) (finding that the failure to provide an appellant with proper *Burgess* notice in an acknowledgement order or show cause order can be cured if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction, so as to afford her the opportunity to meet her jurisdictional burden for the first time on review).

Ordinarily, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *Dodson v. Department of the Navy*, 111 M.S.P.R. 504, ¶ 6 n.2 (2009). However, the Board will consider such evidence if the appellant did not receive *Burgess* notice prior to the issuance of the initial decision. *See id.*; *Boudousquie v. Department of the Air Force*, 102 M.S.P.R. 397, ¶ 8 (2006). Accordingly, we have considered the appellant's evidence submitted on review.

The appellant's evidence on review consists of emails between herself and agency officials in March 2018. PFR File, Tab 1 at 6-9. In an email from March 16, 2018, the appellant acknowledged that her start date had been delayed pending completion of her background check. *Id*. at 7. In that same email, the

appellant attached some signed or completed documents regarding the rules of behavior and computer security, as the agency had requested. *Id*. at 7-8.

We find that the evidence and argument submitted by the appellant on review does not warrant a different outcome. To be entitled to a jurisdictional hearing over an alleged cancellation of an appointment, an appellant must nonfrivolously allege that: (1) the promotion or appointment actually occurred, i.e., it was approved by an authorized appointing official aware that he or she was making the promotion or appointment; (2) the appellant took some action denoting acceptance of the promotion or appointment; and (3) the promotion or appointment was not revoked before the appellant actually performed in the position. *See Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶¶ 14-15 (2009).

On February 28, 2018, an agency official emailed the appellant to inform her that she was selected for the position to which she had applied. IAF, Tab 7 at 27. However, there is no indication that this official was an authorized appointing official, and the email noted that the appellant's start date was tentative. *Id*. The appellant also has not otherwise nonfrivolously alleged that an authorized appointing official approved her appointment. We therefore find that she failed to establish her entitlement to a jurisdictional hearing over the cancellation of an appointment. *See Hoever v. Department of the Navy*, 115 M.S.P.R. 487, ¶ 8 (2011) (finding that no appointment of a Federal employee can occur in the absence of the "last act" required by the person or body vested with appointment power); *Deida*, 110 M.S.P.R. 408, ¶ 15. Accordingly, the appellant's argument and evidence concerning whether she actually reported for duty and performed in the position is inconsequential.

We also find that the appellant failed to nonfrivolously allege that she was subjected to a suitability action. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 12 (2012) (finding that a denial of appointment or nonselection for a position is not a suitability action). Additionally, the Board

lacks jurisdiction over the appellant's claims that agency officials abused their power by finding her unsuitable for personal reasons and denied her notice and an opportunity to be heard regarding the results of the background check. *See* 5 C.F.R. § 1201.3 (identifying matters within the Board's appellate jurisdiction). For the reasons stated above, we affirm the initial decision and dismiss this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the

---

[2] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.